UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-762-H

MELVIN BROWN, *et al.*                                                            PLAINTIFFS

V.

FEDERATED FINANCIAL CORP., *et al.*                                   DEFENDANT

**MEMORANDUM OPINION**

     This case involves a series of allegedly false credit reports. Plaintiffs were employees of Synersource, Inc. ("Synersource"). Tom Haselden, president of Synersource, applied to MBNA, America Bank, N.A. ("MBNA") for a corporate credit card to be distributed to Synersource's employees. MBNA issued cards to twelve employees, including the five named Plaintiffs. None of the Plaintiffs agreed to assume personal liability for repayment of the card balances.

     In the spring of 2003, Synersource became insolvent and stopped making payments on its account. Haselden sent a letter to MBNA offering to settle the company's unpaid debt. Instead, MBNA notified various credit reporting agencies, each of which is a Defendant in this case, that Plaintiffs were personally liable for the Synersource debt. As a result, Plaintiffs have sued MBNA for violating the Fair Credit Reporting Act ("FCRA") and for common-law defamation. This action involves four other credit reporting agency defendants – Federated Financial Corporation of America, Experian Credit Information Solutions, Inc., Equifax Credit Information Services, and TransUnion Corporation, Inc. None of these four has filed

preliminary motions at this time.

MBNA has filed a motion to dismiss all claims against it. After a telephonic conference on August 24, 2006 to discuss the motion, Plaintiffs filed their First Amended Complaint on September 8, 2006. MBNA filed a reply memorandum in further support of its motion to dismiss on September 22, 2006.

I.

In acting upon a motion to dismiss, a district court must accept as true the plaintiff's well-pleaded facts and draw all reasonable inferences in favor of the complaint. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). A complaint may not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support in support of his claim that would entitle him to relief." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) (internal citation omitted).

II.

The FCRA imposes civil liability on any person who willfully or negligently fails to comply with any of the Act's requirements with respect to any consumer. 15 U.S.C. § 1681n (willful noncompliance); § 1681o (negligent noncompliance). As it relates to "furnishers" of information to consumer reporting agencies, like MBNA in this case, the FCRA sets forth two general requirements: the duty to provide accurate information, 15 U.S.C. § 1681s-2(a), and the duty to investigate the accuracy of reported information upon receiving notice of a dispute, 15 U.S.C. § 1681s-2(b). The Act expressly provides that the provisions of § 1681s-2(a), the duty to

provide accurate information, "shall be enforced exclusively under § 1681s of this title by the Federal agencies and officials and the State officials identified in that section." 15 U.S.C. § 1681s-2(d). Therefore, there is no private right of action for violations of § 1681s-2(a) and accordingly, Plaintiffs cannot bring suit for MBNA's actions in providing inaccurate information to the credit reporting agencies. Accordingly, that portion of MBNA's motion to dismiss is granted.

There is no bar to private causes of action under § 1681s-2(b) for failing to conduct a reasonable investigation. *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002). However, that right of action exists only if the furnisher fails to comply with investigation procedures after receiving notice of a dispute as that term is defined by 15 U.S.C. § 1681i(a)(2). *See, e.g.*, *Elmore v N. Fork Bancorporation, Inc.*, 325 F Supp 2d 336, 340. (S.D.N.Y. 2004); *Rollins v. Peoples Gas Light and Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005). The requisite notice of a dispute must come from a credit reporting agency through a process outlined in § 1681i(a)(2). This Court has previously examined this issue and reached the same conclusion: "This means that a furnisher of credit information, such as the Bank, has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency. Under the statutory language, notification from a consumer is not enough." *Stafford v. Cross Country Bank,* 262 F.Supp.2d 776, 784 (W.D. Ky., 2003) (Heyburn, C.J.).

Plaintiffs' First Amended Complaint remedies any deficiencies their initial Complaint may have had in this regard. Paragraphs 2 - 4 clearly assert that the credit reporting agencies – Experian, TransUnion, and Equifax – notified MBNA, pursuant to the process outlined in § 1681i(a)(2), that the Plaintiffs denied personal responsibility for repayment of the Synersource

3

credit card balances. Accepting as true Plaintiffs' well-pleaded facts, as this Court is bound to do, there is no ground for dismissing Plaintiffs' claims pursuant to § 1681s-2(b).

III.

MBNA further argues in its motion to dismiss that Plaintiffs' common-law defamation claim is preempted by section 15 U.S.C. § 1681t(b) of the FCRA. That section purports to preempt all state laws that impose obligations "with respect to the subject matter regulated under [15. U.S.C. § 1681s-2] . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Despite the sweeping language of the provision, courts have construed section 1681t(b) narrowly because its plain language conflicts with another, more specific preemption provision: section 1681h(e). Section 1681h(e) does not preempt every possible action; instead it allows plaintiffs to maintain tort actions, including defamation and negligence claims, but requires plaintiffs to prove malice or willful intent to injure the consumer.[1]

This Court recently addressed the conflict in *Stafford*, 262 F. Supp. 2d 776. This Court held that section 1681t(b), the broader preemption provision, preempts state laws that impose obligations on furnishers of information once the furnishers know or have reason to know that the information reported is inaccurate; and, therefore, state laws imposing obligations on furnishers before they have knowledge of a possible inaccuracy are preempted exclusively by § 1681h(e). *Stafford*, 262 F. Supp. 2d at 785. Notice of an inaccuracy here can come from a credit

---

[1] Section 1681h(e) states that "no consumer may bring any action . . . in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against ... any person who furnishes information to a consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer."

reporting agency or the consumer himself. *Ryder v. Wash. Mut. Bank, FA*, 371 F. Supp. 2d 152, 154-155 (D. Conn. 2005); *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 WL 1153623, at *8, 2005 U.S. Dist. LEXIS 17052, at *21 (E.D.N.Y. May 16, 2005) (unpublished).

In this case, Plaintiffs' defamation claim alleges that "[b]y willfully publishing incorrect and derogatory information to Federated about Plaintiffs' credit, MBNA libeled Plaintiffs' individual credit." An action for defamation requires defamatory language, which is published about the plaintiff and causes injury to his reputation. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004). For private figures, there must be knowledge that the statement is false, while mere negligence is sufficient for private figures, like Plaintiffs in this case. *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 885 (Ky. 1981). Because Kentucky law only requires proof of negligence, MBNA could be liable for inaccurately reporting Plaintiffs' debt even before it received notice from the consumers or the credit reporting agency that the credit report was inaccurate. Therefore, Plaintiffs' defamation claim is not preempted by § 1681t(b).

The claim is not preempted by § 1681h(e) either. As described above, that section precludes all claims "in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against ... any person who furnishes information to a consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Here, Plaintiffs have alleged that MBNA published the false and defamatory information "willfully." Read in the light most favorable to the Plaintiffs, that allegation is sufficient to survive preemption under § 1681h(e).

5

The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record